**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jamal Marquis Daniels, Appellant.

Appellate Case No. 2017-000135

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-234
Submitted April 1, 2021 – Filed June 23, 2021

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

———————

**PER CURIAM:** Jamal Marquis Daniels appeals his convictions for robbery and first-degree assault and battery, arguing the trial court erred in admitting a recording of a call to 911 and the 911 dispatch notes because they allegedly contained inadmissible hearsay. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      We find no reversible error in the trial court's admission of the 911 recording. On the recording, there were statements that can be overheard made by both the caller and the victims. Regarding the victims' statements, we find they were admissible as excited utterances. *See* Rule 803(2), SCRE (providing an exception to the hearsay rule for "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"). As to the caller's statements, we find no prejudice even if the evidence was erroneously admitted. *See State v. Sims*, 387 S.C. 557, 564, 694 S.E.2d 9, 13 (2010) (agreeing with the appellant that certain challenged testimony was inadmissible hearsay and finding the error harmless "in view of the overwhelming evidence of guilt"); *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *id.* ("Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained.").

2.      We find no error in the trial court's admission of the dispatch notes. Daniels did not object when the State offered the notes as business documents. Although the trial court did not expressly rule it was admitting the notes on this basis, it allowed the State to elicit trial testimony that would support the business records exception to the hearsay rule. Thus, we affirm their admission under Rule 220(c), SCACR, which provides "[t]he appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." *See* S.C. Code Ann. § 19-5-510 (2014) ("A record . . . shall, insofar as relevant, be competent evidence if the custodian . . . testifies to its identity and the mode of its preparation, and if it was made in the regular course of business . . . and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."); Rule 803(6), SCRE (providing an exception to the hearsay rule for records of regularly conducted activity).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.